UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER J. VELTHUYSEN #195606,

    Plaintiff,

v.                                              Case No.  2:17-cv-00169
                                              HON. JANET T. NEFF

UNKNOWN GROTH,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Christopher J. Velthuysen pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that between January and August of 2017, Defendant Dan Groth opened clearly marked legal mail outside of Plaintiff's presence on six occasions.  Defendant filed a motion for summary judgment (ECF No. 13) on the ground that Plaintiff failed to exhaust his available administrative remedies.  Plaintiff filed a response (ECF No. 15).

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also*

*Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-216 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party

with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S.Ct. 1850, 1859-1860 (2016).

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If

oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ P, V. The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ V. The Policy Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). "But when prison officials decline to enforce their own procedural rules and instead consider a non-exhausted claim on its merits, a prisoner's failure to comply with those rules does not create a procedural bar to that prisoner's subsequent federal lawsuit." *Hardy v. Agee*, No. 16-2005, at 3 (6th Cir. Mar. 5, 2018) (unpublished) citing *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). The Sixth Circuit has explained:

> [A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process."). An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits. *See id*. at 325. We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits to correct prison errors that can and should be corrected to create an administrative record for those disputes that eventually end up in court." *Id*. at 324.

*Mattox v. Edelman*, 2017 WL 992510, slip op. at 8-9 (6th Cir. 2017).[1]

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, BB. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ DD. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ T, FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶¶ T, FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved . . . ." *Id.* at ¶ S.

In addition, the grievance policy provides that, where the grievance alleges conduct that falls under the jurisdiction of the Internal Affairs Division pursuant to PD 01.01.140, the prisoner may file his Step I grievance directly with the inspector of the institution in which the prisoner is housed, instead of with the grievance coordinator, as set forth in ¶ V of PD 03.02.130.

---

[1] In *Holloway v. Mclaren*, No. 15-2184 (6th Cir., April 7, 2016) (unpublished), the Sixth Circuit concluded that where a plaintiff fails to name each defendant in his grievance, the un-named defendants may not be dismissed for failure to exhaust grievance remedies if the MDOC did not reject the grievance under the policy requiring a grievant to name each individual involved. The Sixth Circuit stated: "Because MDOC officials addressed the merits of Holloway's grievance at each step and did not enforce any procedural requirements, Holloway's failure to identify the defendants named in this lawsuit and to specify any wrongdoing by them in his grievances cannot provide the basis for dismissal of his complaint for lack of exhaustion." *Id*. at 3. In *Mattox*, the Sixth Circuit held that a prisoner may only exhaust a claim "where he notifies the relevant prison . . . staff" regarding the specific factual claim "giving the prison staff a fair chance to remedy a prisoner's complaints." slip op. at 16. For example, grieving a doctor about his failure to give cardiac catheterization failed to grieve the claim that the doctor erred by not prescribing Ranexa.

5

*Id.* at ¶Q.  In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I.  *Id.*  Regardless of whether the grievance is filed with grievance coordinator or the inspector, the grievance will be referred to the Internal Affairs Division for review and will be investigated in accordance with PD 01.01.140.  The prisoner will be promptly notified that an extension of time is needed to investigate the grievance.  *Id.*

> Plaintiff alleges in his complaint that:
>
> On January 30, 2017, this Plaintiff (wrote) a "departmental kite" to the mailroom, informing them that on Friday, January 27, 2017, I received a letter in the (Regular Mail) at 8:35 pm, "clearly marked" the following:  Michigan State University College Of Law - Legal Clinic – 610 Abbot Rd. East Lansing, MI. 48823 – Danial Manville – Attorney - At - Law – (P-39731) -Phone# (517)336-8088 – Special Mail – Open Only in Presence of Prisoner.
>
> On March 31, 2017 I received another letter in the (Regular Mail) from:  United States District Court for The Western District of Michigan – Northern Division – 229 Post Office & Federal Building – P.O. Box 698 – Marquette, MI. 49855 – Official Business – and again since the letter arrived on a Friday, I awaited business hours on Monday April 3, 2017, when I again wrote a kite to the mailroom and then, on Thursday April 6, 2017; when I received (no) response back from the mailroom, I wrote a grievance on: 4-6-17; that was never acknowledged, nor did I receive a grievance first step receipt.  So I wrote a departmental kite to the grievance coordinator telling him the problem, what I did to rectify the problem but received no response; (so exhaustion was done on my part).
>
> On April 12, 2017, I received another letter by (Regular Mail) labeled: United States District Court – for the Western District of Michigan – Northern Division – 229 Post Office & Federal Building- P.O. Box 698 – Marquette, MI. 49855 – official Business, thusly any person can read, clearly can see this letter was /contained "(legal mail)" and should have been treated as such, by having a Sergeant present it to me, opening said mail (in front of my cell door), and inspect the contents for contraband, then have me sign for the (legal mail).  I wasn't afforded this right under access to courts and my Constitutional rights to "legal mail." - I then wrote another grievance after talking to counselor Miller about his vital issue on: 4-17-17.  I was (never) sent a receipt of my Step one

6

> grievance, so I wrote a <u>kite</u> to the grievance coordinator but (not) response was afforded this plaintiff.
>
> On May 25, 2017; I received another letter through the "(regular Mail)" labeled: Office of the Clerk – United States Court of Appeals -100 E. Fifth Street- Room #540- Cincinnati, OH. 45202-3988- Official Business, so on May 26, 2017, I talked to the counselor again about this re-occuring problem, and reminding him of my (legal agreement) with the M.D.O.C. I wrote another "<u>kite</u>" also to the mailroom on: May 26, 2017, informing them of what I received in the regular mail, but (no) response was afforded. I wrote a grievance on May 31, 2017. I received (no) receipt of my grievance.
>
> On August 23, 2017 & again on August 31, 2017, this petitioner received legal mail from: United States District Court-for the Western District of Michigan-Northern Division through the "(regular mail)" instead of through a sergeant, who opens and inspects the "(legal mail)" in my presence & has me sign for the mail.
>
> On September 4, 2017, I wrote a <u>grievance</u> on these two (issues) after talking to the counselor and officer Salli (who passed out the mail (mailed from this court).
>
> No grievance receipt was sent, so I wrote a (kite) to the grievance coordinator explaining what happened and he said: write another grievance. I did so on September 19, 2017, but still haven't received a (receipt) of said grievance, so I filed this lawsuit.

(ECF No. 1, PageID.12-14).

Defendant argues that Plaintiff never exhausted any grievance through Step III of the grievance process on these issues. Defendant has attached to his motion a copy of the Step III Grievance Report showing the grievances that Plaintiff exhausted through Step III during the relevant time frame and copies of each grievance that Plaintiff exhausted. Plaintiff did not exhaust a grievance through Step III concerning the issues presented in his complaint. In addition, Defendant has attached an affidavit from Pat Mayo, grievance coordinator at the Baraga Correctional Facility. Mayo "concludes" that Plaintiff "was not prevented from filing Step I or II grievances with the AMF Grievance Office" during the relevant time frame. Mayo states that he

7

did not prevent Plaintiff from filing Step I or Step II grievances and has "no reason to believe that Velthuysen was otherwise prevented from pursuing Step I and II grievances."

Plaintiff stated in his complaint that he never received responses or receipts from the MDOC after he filed Step I grievances against Defendant Groth on his legal mail issues. Plaintiff asserts that he filed Step I grievances on April 6 and 17, May 31, and September 4, 2017. On each occasion, Plaintiff states that his Step I grievances were not processed and he never received a receipt. Each time that Plaintiff complained about the failure to process his grievances, he received no responses.

Plaintiff presents a different argument in his response brief. Plaintiff states that he exhausted his claims when Defendant and ARUS Miller failed to timely respond to his initial kite. Plaintiff then made a request for an extension of time to file grievances, but he never received a response from the grievance coordinator. In the opinion of the undersigned, this argument is not persuasive. The grievance policy provides that a prisoner has five days to file a Step I grievance after attempting to the resolve the issue orally. Plaintiff clearly did not submit a grievance at Step I within five days of his attempt to resolve the grievance orally. Plaintiff argues that after he sent a kite, he asked for an extension of time to submit a timely grievance at Step I. Plaintiff states since he did not receive a favorable response or any response he therefore exhausted his grievance remedies. Plaintiff is wrong, he needed to file a Step I grievance within five days of his "attempt" to resolve the issue orally. Plaintiff's argument that his request for extension of time went unanswered, in the opinion of the undersigned, did not satisfy the requirement to submit a Step I grievance under MDOC policy.

Plaintiff has made allegations in his complaint that, if true, establish that he submitted Step I grievances on the issues presented in his complaint, but the grievances were never

processed. Assuming, that Plaintiff submitted Step I grievances that were never processed, MDOC policy requires Plaintiff to proceed to the next Step of the process. If Plaintiff fails to receive a timely response at Step I he may appeal to Step II after requesting an appeal form. Plaintiff explains that after his Step I grievances failed to be processed, he wrote the grievance coordinator, who either failed to respond or instructed him to file a new grievance. When Plaintiff was instructed to file a new grievance, he filed a new grievance. In that instance he also received no receipt or response. In the opinion of the undersigned, a genuine issue of fact exists whether Plaintiff exhausted his grievance remedies. Defendants have failed in their burden to show that Plaintiff did not exhaust his grievance remedies.

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (ECF No. 13) be denied.

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   September 19, 2018

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).