UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER J. VELTHUYSEN,

    Plaintiff,

v.

UNKNOWN GROTH,

    Defendant.

_____/

Case No. 2:17-cv-169

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving allegations that Defendant opened Plaintiff's legal mail six times outside Plaintiff's presence. Defendant moved for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies (ECF No. 13). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending the motion be denied. The matter is presently before the Court on Defendant's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Defendant objects to the Magistrate Judge's determination that "a question of fact exists whether Plaintiff exhausted his grievance remedies" (Def. Obj., ECF No. 25 at PageID.199; R&R, ECF No. 24 at PageID.197). Defendant first argues that Plaintiff was required to respond to Defendant's motion with "significant, probative evidence" (Def. Obj., ECF No. 25 at PageID.199,

citing *Napier v. Laurel Cty.*, 636 F.3d 218, 225 (6th Cir. 2011)).  However, before Plaintiff was required to support his position on summary judgment, Defendant was required to first satisfy his own "burden to show that there was an absence of evidence to support the nonmoving party's case," *Napier, supra* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)), and the Magistrate Judge determined that Defendant failed to meet this burden.

Defendant next argues that he met his summary judgment burden with evidence that Plaintiff "was familiar with the grievance process," an affidavit from the grievance coordinator, and the grievance documents included with the affidavit (Def. Obj., ECF No. 25 at PageID.199-201).  However, Defendant identifies no error in the Magistrate Judge's analysis or ultimate conclusion that the evidence demonstrates a factual dispute that precludes entry of summary judgment in Defendant's favor.  For example, as the Magistrate Judge observed (R&R, ECF No. 24 at PageID.195), the affiant simply "concludes" that Plaintiff was "not prevented from filing Step I or II grievances" during the relevant time frame.  In sum, Defendant's objections are properly denied.

Therefore:

**IT IS HEREBY ORDERED** that Defendant's Objections (ECF No. 25) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 24) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 13) is DENIED for the reasons stated in the Report and Recommendation.

Dated:  March 1, 2019   /s/ Janet T. Neff
JANET T. NEFF
United States District Judge