UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER J. VELTHUYSEN
#195606,

        Plaintiff,

v.

UNKNOWN GROTH,

        Defendant.
_____/

Case No.  2:17-cv-169

Hon. Janet T. Neff
U.S. District Judge

## REPORT AND RECOMMENDATION

Plaintiff prisoner Christopher J. Velthuysen filed this lawsuit on October 5, 2017.  Plaintiff alleges that Defendant Groth opened Plaintiff's legal mail six times outside Plaintiff's presence.  The court granted Plaintiff leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  Defendant moves for an order to revoke Plaintiff's *in forma pauperis* status and to dismiss the case.  (ECF No. 33.)  This Court recommends revoking Plaintiff's *in forma pauperis* status and ordering Plaintiff to pay the $400.00 filing fee within 28 days.  It is further recommended that if Plaintiff fails to pay the filing fee within 28 days that the complaint be dismissed without prejudice.

### Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*.  As the Sixth

Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint.  *Id*.  For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).  The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit.  *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits.  Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal.  The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury."  The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal

protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Velthuysen v. Basal, et al.*, Case No. 2:10-cv-168 (W.D. Mich. Sept. 22, 2010); *Velthuysen v. Eicher, et al.*, Case No. 2:17-cv-60 (W.D. Mich. May 2, 2017); *Velthuysen v. Henderson, et al.*, Case No. 2:17-cv-71 (W.D. Mich. Apr. 28, 2017). All of Plaintiff's dismissals were entered after enactment of the PLRA on April 26, 1996. Each of these cases were dismissed before Plaintiff filed this complaint. Plaintiff's allegations do not fall within the "imminent danger" exception to the three- strikes rule. 28 U.S.C. § 1915(g).

In the opinion of the undersigned, Plaintiff has failed to allege facts which show that he was under imminent danger of serious physical injury at the time he filed his complaint. Therefore, Plaintiff is not entitled to proceed *in forma pauperis* in this action.

**Recommendation**

It is recommended that the Court grant Defendant's motion to revoke Plaintiff's *in forma pauperis* status. (ECF No. 33.)  It is further recommended that

the Court order that Plaintiff has twenty-eight (28) days to pay the entire civil action filing fee, which is $400.00. It is further recommended that the Court dismiss the complaint without prejudice if Plaintiff fails to pay the filing fee within the 28-day period.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Maarten Vermaat*
MAARTEN VERMAAT
UNITED STATES MAGISTRATE JUDGE

Dated:  March 25, 2019